UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS H. L. BARFELL,

                **Plaintiff,**

         v.                             Case No. 25-CV-162

JUDGE STENZ, et al.

                **Defendants.**

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

1. **Background**

Before the court is plaintiff Thomas H. L. Barfell's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 7.) Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

## 2. Legal Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a plaintiff's complaint as frivolous if it is "clearly

baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
3

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint.

### 3. Allegations in the Complaint

Barfell alleges that he was a passenger in a vehicle on May 5, 2022, when two Crandon police officers he identifies only as John and Jane Doe illegally stopped the vehicle. (ECF No. 1 at 5.) He initially refused to tell the officers his name and he was placed in handcuffs. (ECF No. 1 at 5.) A police dog eventually arrived at the traffic stop and the dog alerted on the vehicle after an officer signaled it to do so. (ECF No. 1 at 5.) Officers searched the vehicle and found that one of the other passengers had methamphetamine. (ECF No. 1 at 5-6.) That passenger told the police officers that she got the methamphetamine from the driver, and although Barfell asserts that he knew nothing of the drugs, he was arrested and charged with possession of methamphetamine as party to a crime. (ECF No. 1 at 6.)

Barfell appeared in court and was released on $2,000 bail. (ECF No. 1 at 6.) When he appeared before Judge Jane Doe on June 6, 2022, he demanded a speedy trial, but the court told him that he had to wait until counsel was appointed for him. Barfell's case was subsequently transferred to Judge Leon Stenz, and Barfell has made two more demands for a speedy trial. However, now nearly three years later, Barfell still does not have counsel and he has not even been arraigned on the pending charges. *See State v. Barfelll*, Forest Cnty Cir. Ct Case No. 2022CF0083, available at https://wcca.wicourts.gov.

The online court records indicate that Barfell has appeared no less than 27 times for what was supposed to be his initial appearance—May 10, 2022, June 15, 2022, July 6, 2022, July 20, 2022, August 10, 2022, September 7, 2022, October 12, 2022, November 16, 2022, January 4, 2023, February 1, 2023, February 15, 2023, March 8, 2023, March 22, 2023, April 19, 2023, May 24, 2023, July 5, 2023, August 9, 2023, September 6, 2023, December 20, 2023, January 31, 2024, May 15, 2024, June 26, 2024, July 31, 2024, August 28, 2024, October 23, 2024, January 29, 2025, and February 19, 2025. Aside adjusting his bail, first to down to $500 and later to a $2,000 signature bond, nothing substantive happened at these appearances; the court noted that counsel had not yet been appointed and it set a new date for an initial appearance.

Barfell's complaint presents two sets of claims—Fourth Amendment claims related to the traffic stop and Sixth Amendment claims related to the protracted
5

criminal proceedings.[1] "A litigant cannot throw all of his grievances … into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (citing Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605 (7th Cir. 2007)). Although the claims are related in that the first series of events led to the latter, the claims are temporally and factually distinct and against different defendants. Neither Rule 18 nor Rule 20 permits joinder of these distinct series of events into a single lawsuit.

Under these circumstances, the court would ordinarily require the plaintiff to file an amended complaint presenting only one set of claims and, if he wished, a second complaint under a separate case number presenting the second set of claims. *See Peters v. Revels*, No. 23-cv-232-wmc, 2023 U.S. Dist. LEXIS 159247, at *3-4 (W.D. Wis. Sep. 7, 2023). But before requiring that step, the court finds it prudent to first consider whether either series of events presents a plausible claim for relief.

4. **May 5, 2022, Traffic Stop**

The allegations against the John and Jane Doe Crandon police officers present straightforward Fourth Amendment claims under 28 U.S.C. § 1983. *See, e.g.*, *Hicks v. W. Allis Police Dep't*, No. 24-cv-117-pp, 2024 U.S. Dist. LEXIS 148458, at *6 (E.D. Wis. Aug. 20, 2024); *Martin v. Forest Cty.*, 677 F. Supp. 3d 853, 861 (E.D. Wis. 2023); *Abushawish v. Milwaukee Cty.*, No. 20-cv-1914, 2022 U.S. Dist. LEXIS 101977, at *3

---

[1] Barfell also refers to his right to due process under the Fourteenth Amendment. (ECF No. 1 at 4.) He does not develop a due process claim distinct from his Fourth and Sixth Amendment claim, and therefore the court presumes that his reference to the Fourteenth Amendment is merely an acknowledgment that it is by way of the Fourteenth Amendment that the Fourth and Sixth Amendments are applicable to the states.

(E.D. Wis. June 8, 2022). However, proceedings related to that search remain pending in state court.

Ordinarily, a federal court must "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)); *see also J.B. v. Woodard*, 997 F.3d 714, 721-22 (7th Cir. 2021) (discussing abstention generally); *SKS & Assocs. v. Dart*, 619 F.3d 674, 677-78 (7th Cir. 2010) (same). "[C]laims of damages resulting from illegal searches, seizures, and detentions … involve constitutional issues that may be litigated during the course of [a state] criminal case." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). "Deciding those issues in federal court could undermine the state court proceeding." *Id*. Therefore, a federal court faced with a suit seeking damages for an allegedly illegal search generally must stay the federal action until the state criminal case concludes. *Id*.

Barfell's claims relating to the stop, search, and arrest all involve and call into question the ongoing state proceedings. Therefore, this court must stay this action until the criminal proceedings in state court conclude unless extraordinary circumstances make abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 436-37 (1982)).

Extraordinary circumstances include "when '(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an

extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions.'" *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007) (quoting *Jacobson v. Village of Northbrook Mun. Corp.*, 824 F.2d 567, 569-70 (7th Cir. 1987)).

Some courts have added to this list of extraordinary circumstances claims of double jeopardy or violations of the right to a speedy trial. *See, e.g., Burns v. Parole Agent Fox*, No. 24-cv-0065-DWD, 2024 U.S. Dist. LEXIS 51880, at *7 (S.D. Ill. Mar. 22, 2024); *Bey v. Madison Cty.*, No. 17-cv-00459-SMY, 2017 U.S. Dist. LEXIS 125195, at *4 (S.D. Ill. Aug. 7, 2017); *Ali v. Circuit Court*, No. 17-cv-00319-MJR, 2017 U.S. Dist. LEXIS 70703, at *6 (S.D. Ill. May 9, 2017); *Allen v. Illinois*, No. 16-cv-1314-NJR, 2017 U.S. Dist. LEXIS 39725, at *6 (S.D. Ill. Mar. 20, 2017). However, the court has not identified any instance of a court finding that an alleged violation of a defendant's right to a speedy trial in the state proceedings was an extraordinary circumstance to forgo abstention in a § 1983 action. Rather, it is only with respect to a petition for a writ of habeas corpus that courts have found an alleged violation of a defendant's constitutional right to a speedy trial to be an extraordinary circumstance to forgo abstention under *Younger*. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *see also Harrison v. Moultrie Cty.*, 770 F. App'x 295, 297 n.1 (7th Cir. 2019) ("A well-founded claim that a *petitioner's* right to a speedy trial has been violated can be an exceptional circumstance requiring immediate federal intervention." (emphasis added) (citing *Sweeney*, 612 F.3d at 573)); *Cole v. Beck*, 765 F. App'x 137, 138 (7th Cir. 2019).

Here, the question is whether an alleged violation of the right to a speedy trial may open the door to a distinct claim that a federal court would otherwise be required to abstain from considering. In other words, is the allegation that the state court is taking too long an exceptional circumstance to merit a federal court proceeding with a claim that calls into question the ongoing state proceedings?

The court is unpersuaded that delays in the state court proceedings provide a sufficient reason to forgo abstention. When it comes to abstention under *Younger*, the Supreme Court has applied exceptions narrowly, emphasizing that circumstances must be extraordinary in the sense of posing a threat of "great, immediate, and irreparable injury"; it is not enough that the circumstances are extraordinary in the sense of being highly unusual. *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975).

Although not expressly addressing the question of whether a speedy trial claim may provide a gateway for consideration of a Fourth Amendment claim, there have been instances where courts have found that *Younger* required abstention even when a plaintiff was directly asserting a speedy trial claim. *See, e.g.*, *Harrison*, 770 F. App'x at 297; *Bender v. Wisconsin*, No. 19-cv-29-wmc, 2019 U.S. Dist. LEXIS 159171, at *19 (W.D. Wis. Sep. 18, 2019); *Wilson v. Grant Cty.*, No. 1:18-CV-151-WL-SLC, 2018 U.S. Dist. LEXIS 94510, at *3 (N.D. Ind. June 4, 2018); *Evans v. Vazanellis*, No. 2:16-CV-447 JVB, 2016 U.S. Dist. LEXIS 157543, at *2 (N.D. Ind. Nov. 14, 2016). If a direct speedy trial claim is subject to abstention, the court finds no basis to conclude that an alleged speedy trial violation constitutes an extraordinary circumstance to merit the consideration of a distinct Fourth Amendment claim. Such a holding would

merely compound the intrusion into the state proceedings that abstention exists to avoid.

It is important to underscore that abstention does not close the federal courthouse doors to litigants; it merely makes them wait until the state proceedings are complete. While it is plausible that the state could attempt to protract state proceedings simply to delay a federal suit, there exist ample remedies under state law to curtail such abuse. More importantly, there is no suggestion that such bad faith is the source of the delays in the present action. Consequently, the court must stay Barfell's claim Fourth Amendment claims regarding the stop, search, and arrest that led to the charges pending against him in Forest County. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *but see Gardner v. Stephenson*, No. 23-2753, 2025 U.S. App. LEXIS 8988 (7th Cir. Apr. 16, 2025) (unpublished) (affirming dismissal of § 1983 action under *Younger*). Within 21 days of the conclusion of the state court proceedings Barfell shall file an amended complaint that contains only his claims related to the May 5, 2022, traffic stop or against the defendants in that incident. The court presumes that with the provision of discovery in the state criminal proceeding Barfell will be able to provide proper names for the John and Jane Doe police officers in an amended complaint.

### 5. Claims Related to the Ongoing Criminal Proceedings

Turning to Barfell's claims directly related to the pending criminal proceedings, Barfell alleges that the two judges who have presided in his case, as well

as the prosecutor and the "Rhinelander Public Defender," have violated his rights to counsel and to a speedy trial.

*Younger* would likewise require abstention as to these claims. *See, e.g.*, *Harrison*, 770 F. App'x at 297. But there are also substantive problems with the claims.

Barfell names as defendants two judges: a Jane Doe and "Judge Stenz." A review of the online record of the state court proceedings reveals that Barfell is likely referring to Court Commissioner Deborah Hatfield, before whom Barfell first appeared on May 10, 2022, and Forest County Circuit Court Judge Leon Stenz. However, judicial officers are absolutely immune from civil suits for actions taken in their judicial capacities. *Forrester v. White*, 484 U.S. 219, 225-26 (1988). Consequently, Barfell lacks a plausible claim against any judicial officer.

Prosecutors also enjoy absolute immunity from suits over their official actions. *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976); *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014). Therefore, Barfell likewise lacks a plausible claim against Assistant District Attorney Alexander Paul Seifert.

As for the "Rhinelander Public Defender," the complaint fails to demonstrate that such a suable entity exists, much less that it is a "person" for purposes of a suit under 42 U.S.C. § 1983. In Wisconsin there is a single statewide Office of the Wisconsin State Public Defender, which is an independent government agency tasked with providing legal representation to indigent criminal defendants. *See* Wisconsin State Public Defenders, *About SPD*, available at https://www.wispd.gov/about-spd;

*see also* Wisconsin Blue Book 2023-2024, *Office of the State Public Defender*, 217. The Office of the Wisconsin State Public Defender is not a suable entity under § 1983 because it is a not a "person." *Strong v. Thompson*, No. 17-CV-981-NJ-JPS, 2017 U.S. Dist. LEXIS 172317, at *4 (E.D. Wis. Oct. 18, 2017) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989)).

Without a suable defendant, Barfell has failed to state a plausible claim for relief regarding the alleged violation of his right to counsel and right to a speedy trial. Ordinarily, the court would give Barfell an opportunity to amend his complaint. However, as noted, these distinct claims are not properly joined in an action against the police officers who allegedly violated Barfell's Fourth Amendment rights on May 5, 2022. Barfell's distinct right to counsel and speedy trial claims may proceed, if at all, only in a separate lawsuit.

If Barfell chooses to file a renewed lawsuit, he must be prepared to address additional hurdles. If the proper defendant was the official holding the position of State Public Defender, a claim for damages may be barred under the Eleventh Amendment. *See Strong*, 2017 U.S. Dist. LEXIS 172317, at *5. A right to counsel claim seeking only prospective equitable relief may implicate abstention under *Younger*.

Nonetheless, there is a plausible argument that the rationale underlying *Sweeney* should apply equally to a right to counsel claim seeking prospective equitable relief against a state official under § 1983. After all, if the court were to wait until after the state proceedings concluded, Barfell may no longer be entitled to

relief. *See Strong v. Thompson*, No. 17-CV-981-JPS, 2018 U.S. Dist. LEXIS 51756, at *5 (E.D. Wis. Mar. 28, 2018). However, because these questions are not properly before the court, the court does not consider them further.

Alternatively, if his bail conditions are sufficient to constitute "custody," *see Lefkowitz v. Newsome*, 420 U.S. 283, 291 n.8 (1975), an alleged speedy trial violation may present a plausible habeas claim under § 2241, *see Sweeney*, 612 F.3d at 573; *Bradley v. Lucas*, No. 22-CV-1269, 2022 U.S. Dist. LEXIS 204767, at *5 (E.D. Wis. Nov. 9, 2022). However, a state court defendant generally must exhaust his remedies in state court before turning to a federal court for habeas relief. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *Tyra v. Ball*, No. 24-cv-1104-pp, 2025 U.S. Dist. LEXIS 6833, at *12 (E.D. Wis. Jan. 14, 2025). And even then, the only relief that a federal court could order for a state defendant facing trial is to order that the state bring him to trial or release him from custody (which here would be the conditions associated with Barfell's pretrial release). *See Birkley v. Lucas*, No. 21-CV-332, 2021 U.S. Dist. LEXIS 85714, at *5 (E.D. Wis. Mar. 29, 2021); *Graf v. Clarke*, No. 14-C-1205, 2014 U.S. Dist. LEXIS 149218, at *3 (E.D. Wis. Oct. 20, 2014).

For present purposes the court's conclusion is narrow: Barfell has failed to allege a plausible right to counsel or speedy trial claim against any defendant. Accordingly, those claims and the associated defendants will be dismissed. If Barfell wishes to attempt to present these claims against different defendants, he must file a separate action.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Judge Stenz," "Judge Jane Doe," "ADA Seifert," and the "Rhinelander Public Defender" are **DISMISSED** as defendants with prejudice. Barfell's "6th Amendment, Right to speedy trial and counsel" claims are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that as to all remaining claims, *i.e.*, Barfell's Fourth Amendment claims related to the stop, search, and arrest on May 5, 2022, against "John & Jane Doe Officers" of the Crandon Police Department, this action is **STAYED** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). No later than **21 days** after the conclusion of the related proceedings in state court, Barfell shall file an amended complaint alleging only the claims related to the May 5, 2022, stop, search, and arrest and, if possible, identifying the John and Jane Doe officers. **Failure to timely file an amended complaint will result in dismissal of this action**. The Clerk shall close this action for administrative purposes.

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson St., Rm. 102
> Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 22nd day of April, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge